IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RONALD W. MCCULLOUGH,              )
CID # 1040982,                     )
      PETITIONER,          )
                                  )
V.                                 )          NO. 3:03-CV-2802-R
                                  )
DOUGLAS DRETKE, DIRECTOR,          )
TEXAS DEPARTMENT OF CRIMINAL       )
JUSTICE, CORRECTIONAL              )
INSTITUTIONS DIVISION,             )
      RESPONDENT.          )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject

cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions,

and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

A.  **Nature of the Case:**  This is a petition for writ of habeas corpus by a state prisoner under

28 U.S.C. § 2254.

B.  **Parties:**  Petitioner Ronald W. McCullough is an inmate currently incarcerated in the

Texas Department of Criminal Justice, Correctional Institutions Division.  Respondent Douglas

Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions

Division.

C. **Factual and Procedural History:**  The state court of appeals thoroughly detailed the facts

of the offense:

[McCullough] and Derrick Jones were friends, and Jones sold drugs for
[McCullough].  [McCullough] and Jones had a falling out, and [McCullough] left

threatening messages on Jones'[s] cell phone. In the messages, [McCullough] said he knew Jones had robbed him and threatened Jones'[s] life. Subsequently, [McCullough] offered Ty Patrick Turner, another drug dealer, half a kilogram of cocaine to kill Jones. On June 26, 2000, Jones and Kimberly King went shopping for a car. While Jones and King were test driving a car, Jones received a telephone call from someone Jones called "B.J." Jones said B.J. was supposed to meet him at a McDonald's restaurant to give Jones some money. Jones and King finished the test drive, and King drove Jones to a McDonald's.

A car pulled up, and B.J. got out and got in the back seat of King's car. Jones gave B.J. two bags of crack cocaine and said the price was $1,300. B.J. expressed uncertainty about the deal and motioned for another man, Michael Ray, to get out of the car and come over. Ray got in the back seat of King's car, held a gun to Jones'[s] head and demanded his drugs and money. Jones passed his drugs back and asked Ray if he had gotten what he wanted. Ray told Jones to come with him, and Jones and Ray got out of the car. B.J. got out and came around to sit in the front seat with King. B.J. demanded King's identification, she refused, and B.J. began searching for King's wallet. They heard a gunshot, looked back, and King began screaming. King saw Jones lying on the pavement with Ray holding a gun and standing over him. Ray shot Jones two more times, and B.J. got out of the car and told Ray not to kill Jones right there. Ray and B.J. put Jones, who was still alive, in the front seat between them and drove away. When Ray and B.J. were putting Jones in the car, King saw a third person reach over the seat and help pull Jones inside, but she could not tell who it was.

Turner was in [McCullough's] barber shop when B.J. and Donnie Curtis came in. They had blood on them, and they were asking for [McCullough]. Turner started making his way toward the door and saw Ray outside in a car. Turner noticed the men were acting strangely, and [McCullough] said, "I didn't tell y'all to do this." Turner left the scene, went home, called his girlfriend, and loaded his weapon. When Turner later went back to [McCullough's] barber shop, the shop was closed and everyone was gone. The next day, Turner called an FBI agent who had previously arrested him for bank fraud, and the agent put Turner in touch with the police investigating Jones'[s] murder.

Sir Victor Parson was also at the barbershop on June 26, 2000, when B.J. and Curtis arrived. Parson saw that Jones was in the car in the back of the alley outside the barbershop, and Jones had blood on him but was still alive. Parson testified [McCullough] pulled up in front of the barber shop about three minutes after Curtis and B.J. arrived. Curtis said something to [McCullough] that made him angry, and [McCullough] cursed at Curtis and walked into the shop with Parson. According to Parson, [McCullough] never went to the back of the shop, and Curtis and B.J. left before [McCullough] saw Jones.

At 5:20 p.m. on the evening of the shooting, Dallas police sergeant Jack Misak was called to the McDonald's where Jones was shot. Misak saw blood and shell casings on the ground, and he attempted to secure the crime scene. At 6:43

p.m., Misak received a call that a person was seen shot and lying in an alley.  Dallas County medical examiner Jonie McClain testified Jones was recovered and taken to the hospital where he was pronounced dead.  McClain examined Jones'[s] body and found eleven separate gunshot wounds.  McClain testified the multiple gunshot wounds caused Jones'[s] death.

Steve Crutchfield, an inmate with [McCullough] in the Dallas County jail and jailhouse lawyer, testified [McCullough] confided in him about Jones'[s] shooting.  According to Crutchfield, [McCullough] told him that two men brought Jones to [McCullough's] shop.  The two men asked [McCullough] if he would pay for Jones.  [McCullough] saw Jones, still moving, in the trunk of a car, and blood was coming from his face. [McCullough] paid $5,000 and two and a quarter ounces of "dope" for Jones. [McCullough] told Crutchfield he wanted Jones dead because Jones sold [McCullough] fake dope and robbed [McCullough].

*McCullough v. State*, No. 05-01-859-CR, 2002 WL 651608, at *1-2 (Tex. App. – Dallas Apr. 22, 2002, pet. ref'd) (not designated for publication).

A jury found McCullough guilty of criminal solicitation of capital murder and assessed his punishment at 50 years' confinement.  (State Habeas R. at 99.)  The Fifth District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused McCullough's pro se petition for discretionary review on August 21, 2002.  (*Id.*)  On May 30, 2003, McCullough filed a state application for habeas corpus relief, challenging his conviction, which the Court of Criminal Appeals denied without written order.  *Ex parte McCullough*, No. 56,635-01 (Tex. Crim. App. Sept. 17, 2003) (not designated for publication).  McCullough filed his federal petition for writ of habeas corpus and supporting memorandum in the United States District Court for the Northern District of Texas, Dallas Division, on November 15, 2003.

**D.  Issues:**  McCullough argues that

1.      trial counsel rendered ineffective assistance of counsel when he

        a.  waived a ten-day preparation period after the indictment was amended shortly before trial;

3

b.  failed to object to a last-minute witness addition;

c.  failed to object to hearsay evidence from Tyisha Williams[1] and King;

d.  failed to object to or seek to suppress Turner's testimony; and

e.  failed to object to Crutchfield's uncorroborated testimony.

2.       appellate counsel rendered ineffective assistance of counsel when he failed to raise issues on appeal;

3.       the State engaged in prosecutorial misconduct when it

a.  offered perjured testimony and

b.  failed to corroborate Crutchfield's testimony; and

4.       the trial court erred by failing to quash the jury panel.

**E. <u>Exhaustion</u>:** Dretke argues that Claims 1(e), 2, and 3(b) have not been exhausted and are thus procedurally barred from this court's review. Dretke concedes that McCullough properly exhausted his other claims.

## II.  EXHAUSTION AND PROCEDURAL DEFAULT

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-76 (1981); *Fisher*, 169 F.3d at 302. This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in

---

[1] Tyisha Williams was a friend of Jones's who knew about the trouble between Jone's and McCullough.  (3 R.R. at 32.)

a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

McCullough did not present Claims 1(e), 2, and 3(b) to the Texas Court of Criminal Appeals.[2]  He thus seeks federal habeas relief on factual allegations that were never raised in the Texas courts, which renders these claims unexhausted. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001).

However, McCullough cannot return to the Texas court to cure this deficiency.  The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994).  This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).  Accordingly, federal habeas corpus relief is unavailable in the face of McCullough's procedural default unless he shows either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20.  McCullough has failed to show either of these requirements.  Accordingly, these

---

[2]  Although Dretke did not supply this court with a copy of McCullough's pro se petition for discretionary review, McCullough's appellate brief shows that he only raised the following issues on direct appeal:  (1) the trial court erred by failing to include a reasonable-doubt definition in the jury charge and (2) the evidence was legally and factually insufficient to support his conviction. *See McCullough v. State*, 05-01-00859-CR (Tex. App.–Dallas) (Appellant's Brief). The jurisdiction of the Court of Criminal Appeals is limited to only those questions decided by the intermediate court of appeals. *Garcia v. State*, 15 S.W.3d 533, 536-37 n.5 (Tex. Crim. App. 2000); *State v. Savage*, 933 S.W.2d 497, 502 n.3 (Tex. Crim. App. 1996).  Issues not presented to the intermediate court of appeals are not properly raised to the Texas Court of Criminal Appeals in a petition for discretionary review and thus do not satisfy the exhaustion requirement for such claims. *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990).

claims are unexhausted and procedurally barred. 28 U.S.C. § 2254(b)(2). The Court will not further consider them.

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## IV.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his first claim, petitioner contends that his trial attorney rendered ineffective assistance by waiving a ten-day preparation period, failing to object to a witness addition, failing to object to hearsay evidence, and failing to object to or seek to suppress Turner's testimony.  (Federal Pet. at 7-7A; Pet'r Mem. at 2-9.)

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice from the alleged deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).  The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one.  *Id.* at 697.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance.  *Id.* at 689.  In general, scrutiny of an attorney's performance is highly deferential, and reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate.  *Id.* at 689-90.  Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable.  *Id.* at 690-91.

To establish prejudice under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the out-

come." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of *Strickland* "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). When evidence adduced at trial overwhelmingly establishes a petitioner's guilt, there is generally no reasonable probability that deficiencies at trial affected the verdict. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioners must "affirmatively prove prejudice." *Id.* at 693. To succeed on a claim of ineffective assistance of counsel, they must present "strong proof of prejudice." *Johnson*, 301 F.3d at 239. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

A claim of ineffective assistance is a mixed question of law and fact. *Id.* at 698. Thus, a federal habeas court cannot grant relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d).

In this instance, other than the claim of ineffective assistance of counsel that the Court has already found to be procedurally barred, McCullough's complaints about trial counsel were reviewed and rejected during state collateral review proceedings. Because the rejection of such claims by the state court involved no unreasonable application of the law to the facts, petitioner is entitled to no relief on such claims.

Furthermore, McCullough has shown no prejudice from the alleged deficiencies of counsel. As previously recited from the decision of the state court of appeals, *see McCullough v. State*, No. 05-01-859-CR, 2002 WL 651608, at *1-2 (Tex. App. – Dallas Apr. 22, 2002, pet. ref'd) (not designated for publication), the evidence overwhelmingly establishes McCullough's guilt.  In light of the evidence presented at trial, there is no reasonable probability that the alleged deficiencies at trial affected the verdict.  In addition, the Court finds no ineffective assistance of counsel for the reasons that follow.

## A. <u>Waiver of Ten-Day Period</u>

Petitioner contends that his attorney rendered deficient performance when he failed to object to a ten-day preparation period accorded to defendants after an amendment to the indictment. (Federal Pet. at 7-7A; Pet'r Mem. at 2-3.)  Although counsel waived the ten-day period, the circumstances of such waiver exhibit no deficient performance.  Five days before trial, the State amended the indictment to correct Curtis's name from "Ronnie" to "Donnie." (C.R. at 2; 2 R.R. at 7.) Defense counsel objected to the amendment and stated that defendant would waive the ten-day period if the trial court ultimately allowed the amendment.  (2 R.R. at 6.)  After overruling the objection to the amendment, the trial court specifically asked McCullough whether he wanted to waive the ten-day period.  (*Id.* at 7-8.)  McCullough affirmatively stated that he was freely and voluntarily waiving the ten-day period.  (*Id.* at 8.)  In light of these facts, the Court finds no deficiency of counsel related to the waiver of the ten-day period.

In addition, McCullough has failed to show a reasonable probability that the outcome of his trial would have been different had his counsel argued for a ten-day continuance.  McCullough makes no showing that the outcome would have been different if his counsel had additional time to

9

prepare, or what additional preparation was needed. McCullough's conclusory allegations of ineffective assistance of counsel fail to raise a colorable basis for habeas corpus relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam). Accordingly, this claim should be denied.

**B. <u>Last-minute Addition of Witnesses</u>**

McCullough also asserts counsel was ineffective for failing to object to a last-minute addition to the State's witness list. (Federal Pet. 7A; Pet'r Mem. at 3-5.) Before trial, counsel objected to the State's attempt to add three witnesses to its witness list. (2 R.R. at 8-10.) After the State explained why the witnesses were late additions and the expected tenor of their testimony, counsel withdrew his objection. (*Id.* at 10-13.) This was a strategic decision that this court will not second guess. *Strickland*, 466 U.S. at 689-90.

**C. <u>Hearsay</u>**

McCullough argues that counsel erroneously failed to object to the State's hearsay evidence offered through testimony from King and Williams. (Federal Pet. at 7A; Pet'r Mem. at 5-6.) McCullough is complaining about testimony at a suppression hearing. (3 R.R. at 32, 35, 42, 47, 51.) The trial court overruled counsel's objections to the hearsay nature of the testimony. (*Id.* at 51-52.) The facts thus do not support a finding that counsel failed to object. Because counsel objected to the alleged hearsay, the Court cannot find that he rendered deficient performance by failing to object.

**D. <u>Turner's Testimony</u>**

McCullough argues that counsel should have sought to suppress or otherwise object to Turner's testimony. (Federal Pet. at 7A; Pet'r Mem. at 6-8.) Turner testified that McCullough offered him drugs in exchange for killing Jones and that when Turner refused, McCullough con-

tacted others to do the job. (3 R.R. at 165-68.) Turner admitted he had been convicted on state and federal charges and that the State recommended that he not be placed in the general prison population in consideration of his cooperation regarding McCullough's prosecution. (*Id.* at 173-77.) Counsel asked the trial court to not allow Turner to testify because of its hearsay nature, which the trial court denied. (*Id.* at 155-56.) Counsel then cross-examined Turner and effectively questioned his veracity and character. (*Id.* at 179-207.) McCullough fails to state what more counsel should have done regarding Turner's testimony. Counsel was not deficient.

## V. PROSECUTORIAL MISCONDUCT

McCullough argues that the State knowingly offered perjured testimony. (Federal Pet. at 7B; Pet'r Mem. at 9-12.) At trial, but outside the jury's presence, the State called Travarus Shead to testify. (*Id.* at 220-21.) Shead stated that he knew nothing about the offense and averred that his previously signed statement was composed by the police and was not his words. (*Id.* at 221-22.) The State did not call Shead as a witness for the jury. (*Id.* at 222.) Thus, the State did not offer Shead's testimony, perjured or otherwise, to the fact-finder. This claim has no basis in fact and cannot result in habeas corpus relief.

## VI. JURY PANEL

McCullough asserts that his Constitutional rights were violated when the trial court failed to quash the venire panel after it was prejudiced by the comments of panel member Patrick Metzler, who was a Dallas police officer. (Federal Pet. at 8B; Pet'r Mem. at 16-20.) During voir dire, Metzler implied that he might have known McCullough through his police work:

> [Prosecutor]: Can you put you personal experiences [as a police officer] aside and just base your decision on the evidence that you hear in this case? Only you can tell us?

11

[Metzler]: I don't know if I can say, yes or no.

[Prosecutor]: Well unfortunately, we have got to get a yes or a no.

[Metzler]: Yes.

[Prosecutor]: Okay.  And, even if it were Police officers that you knew who testified, could you just start them off level with everyone else?

[Metzler]:  Of course, I would have slant.  You asked me that question, but you also have to take into consideration that I might even know [McCullough], and that may cause some problems.

(2 R.R. at 105-06.)  Metzler was excused and did not serve on the jury.  (C.R. at 49.)  The trial court denied counsel's request to quash the panel.  (2 R.R. at 183-84.)

The Constitution requires that a defendant have a panel of impartial and indifferent jurors. *Murphy v. Florida*, 421 U.S. 794, 799 (1975).  A federal habeas petitioner must establish prejudice to prevail on a claim that he was denied a fair trial based on juror exposure to prejudicial information. *Johnson v. Scott*, 68 F.3d 106, 112 (5th Cir. 1995).  Prejudice is shown with proof that the panel was biased against the defendant because of the improper information.  *Callins v. Collins*, 998 F.2d 269, 277 (5th Cir. 1993); *cf. McGee v. State*, 923 S.W.2d 605, 607-08 (Tex. App. – Houston [1st Dist.] 1995, no pet.) (holding harm under state-appellate-review standards shown with proof other panel members heard remark, were influenced against defendant, and served on the jury).

In this case, further voir dire failed to show that any panel members were influenced against McCullough because of Metzler's remarks.  Although one panel member stated that McCullough was "familiar" to her for some reason and that she could not be impartial, she did not serve on the jury.  (2 R.R. at 145-46; C.R. 49-50.)  Nothing in the record supports McCullough's assertion that he was denied a fair and impartial jury by Metzler's isolated and vague comment.  *See Johnson v. Scott*,

68 F.3d 106, 112-13 (5th Cir. 1995) (holding unsupported assertions on jury prejudice based on exposure to prejudicial information cannot demonstrate prejudice).

## VII.  SUMMARY

McCullough is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination that McCullough was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## VIII.  EVIDENTIARY HEARING

Upon review of the pleadings filed and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.  RULES GOVERNING SECTION 2254 CASES 8(a).

## IX.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought under 28 U.S.C. § 2254.

**SIGNED this 15th day of July, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Under 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objection to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE